

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ROBERT E. TAGLIALATELA, JR.       :        CIVIL ACTION

Plaintiff

    v.                                :        NO.:  **16   1319**

Bank of America, NA,              :

c/o Agent for Service at

C. T. Corporation Systems

116 Pine Street, Suite 320

Harrisburg, PA 17101


Debra Zitomer – Debra Zitomer LLC

1 Montgomery Avenue

Norristown, PA 19401


R. Douglas Billet- Billet & Associates, LLC.

2000 Market Street, Suite 2803

Philadelphia, PA 19103


Stacy L. Greenberg, Esq.

Executrix, Estate of Robert E. Taglialatela, Sr.

2000 Market Street, Suite 2803

Philadelphia, PA  19103

Phyllis T. Galvin, Trustee

The Irrevocable Trusts of Robert E. Taglialatela DOT 2/4/98 – 2/14/98

121 110th Street

Stone Harbor, NJ 08247


Phyllis Galvin- Moore

121 110th Street

Stone Harbor, NJ 08247


Carol Lauchmen- Carol Lauchmen, P.C.

388 Main Street

Harleysville, NJ 19438


Diane Zabowski – Zabowski Law, LLC

100 Springhouse Drive, Suite 205

Collegeville, PA 19426


Thomas Posatko – Supportive Care Services, Inc.

507 West Ninth Street

Wilmington, DE 19801


William O'Day

3200 Concord Pike

Wilmington, DE 19803

Edmund Lynch- Woloshin, Lynch, Natalie & Gagne, P.A.

3200 Concord Pike

Wilmington, DE  19803


Natalie Woloshin – Woloshin, Lynch, Natalie & Gagne, P.A.

3200 Concord Pike

Wilmington, DE  19803


Demetrious Kaouris

Miles and Stockbridge, P.C.

100 Light Street

Baltimore, MD  21202


Thomas A. Boulden

Timoney Knox

400 Maryland Avenue

Fort Washington, PA 19034


Defendants
_____

## CIVIL ACTION COMPLAINT

Plaintiff, Robert E. Taglialatela, Jr., filing Pro Se, hereby pleads as follows by way of Civil Action Complaint:

I. Parties

1. Plaintiff, in the matter of Taglialatela v. Bank of America, el al. The plaintiff is an adult individual and resident of Philadelphia County, residing at 3011 Almond Street 19134 and is the name sake and son of Robert E. Taglialatela, Sr., deceased (DOD 20 July 2010) hereafter referred to as "Taglialatela estate" and Beatrice H. Taglialatela deceased (DOD 21 November 2002). The children of "Taglialatela estate" are; Beatrice T. Juliano, Diane T. Green, Phyllis T. Galvin, aka Phyllis Galvin- Moore aka Phyllis Moore, Robert E. Taglialatela, Jr, Francine T. Schmitt and Elizabeth T. Gorman. The children of "Taglialatela estate" are also sole beneficiaries of the Irrevocable Trusts of Robert E. Taglialatela dates of trust 2/4/98 – 2/14/98
2. Defendant, Bank of America NA, hereafter referred to as" B of A", and does business in Philadelphia County at multiple locations.
3. Defendant, Debra Zitomer, Esq. DBA Debra Zitomer LLC hereafter referred to as "Zitomer" maintains a business address at 1 Montgomery Avenue Norristown, PA.
4. Defendant, R. Douglas Billet, Esq. DBA Billet & Associates, LLC, hereafter referred to as "Billet", maintains a business address at 2000 Market Street, Suite 2803 Philadelphia, PA.
5. Defendant, Stacy Greenberg, Esq., (a partner in Billet & Associates) Executrix of the Estate of Robert E. Taglialatela, hereafter referred as "Greenberg" maintains a business address in Philadelphia County in the offices of defendant "Billet".
6. Defendant, Phyllis T. Galvin – Trustee of the Irrevocable Trusts of Robert E. Taglialatela Date of Trusts 2/4/98 – 2/14/98, hereafter referred to as "Galvin", is an adult individual and maintains a residence/business address at 121 110th Street Stone Harbor, NJ. 2/4/98 trust tax identification address of record is 2800 Market Street, Suite 2803 Philadelphia, PA. 2/14/98 trust tax identification address 4001 Kennett Pike, Suite 316 Greenville, DE..
7. Defendant Phyllis Galvin-Moore, aka Phyllis Moore is an adult individual hereafter referred to as "Galvin" and maintains a residence at 121 110th Street Stone Harbor, NJ.
8. Defendant, Carol Lauchmen, Esq. DBA Carol Lauchmen, P.C., hereafter referred to as "Lauchmen", is an adult individual and maintains a business address at Harleysville, PA.
9. Defendant Diane Zabowski, Esq. DBA Zabowski Law LLC, is an adult individual hereafter referred to as "Zabowski" and maintains a business address at 100 Springhouse Drive, Suite 205 Collegeville, PA.
10. Defendant Thomas Posatko DBA Supportive Care Services, Inc. is an adult individual hereafter referred to as "Posatko" and maintains a business address at 507 West Ninth Street, Wilmington, DE.
11. Defendant, William O'Day , Esq. hereafter referred to as "O'Day", is an adult individual and maintains a business at 3200 Concord Pike Wilmington, DE..
12. Defendant Edmund Lynch, Esq. hereafter referred to as "Lynch", DBA Woloshin, Lynch, Natalie & Gagne, P.A. is an adult individual and maintains a business address at 3200 Concord Pike Wilmington, DE..
13. Defendant Natalie Woloshin, Esq. hereafter referred to as "Woloshin", DBA Woloshin, Lynch, Natalie & Gagne, P.A. is an adult indiviual and maintains a business address at 3200 Concord Pike Wilmington, DE.
14. Defendant, Demetrious Kaouris, Esq. hereafter referred to as "Kaouirs", DBA Miles and Stockbridge, P.C., is an adult individual and maintains a business at 100 Light Street Baltimore, MD.

15. Defendant Thomas A. Boulden hereafter referred to as "Boulden" DBA as Timoney Knox, LLP Is an adult individual and maintains a business address at 400 Maryland Avenue Fort Washington, PA 19034
16. Bank of America NA, R. Douglas Billet, Debra Zitmer, Stacy Greenberg, Phyllis T. Galvin, Phyllis Galvin-Moore, Carol Lauchmen, Diane Zabowski, Thomas Posatko, William O'Day, Edmund Lynch, Natalie Woloshin, Demetrious Kaouris and Thomas Boulden shall be collectively referred to as "defendants".

## II. Jurisdiction and Venue

17. Jurisdiction and venue are proper in United States District Court for the Eastern District of Pennsylvania as that is where the Plaintiff resides, the collusion and fraud against the Plaintiff and the "Taglialatela estate/trusts" took place in Pennsylvania, Delaware, Maryland and since the defendants "B of A", "Billet" , " Galvin" –Trustee of the 2/4/98 trust and executrix of the estate "Greenberg" maintain their business address' and do business on a regular basis. All "defendants" have conducted business relative to this action in Philadelphia County Pennsylvania on a regular basis. Fraud creating cause of action as defined: Securities Act of 1933, Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 and Federal Mail and Wire Fraud Statutes Involving a Financial Institution 18:U.S.C-3293.
18. The tolling of the Statue continues under all Federal Statutes involving fraud by a financial institution.  To date the plaintiff has no idea of the actual scope or size of the fraud due to the willful actions of the "defendants" blocking discovery.
19. The fraud in this matter is ongoing.

## III. Factual Background

20. "B of A" has in a willful and deliberate manner refused to disclose the dollar amount of "Taglialatela estate/trusts" assets held in securities/financial accounts, refuses to release account applications and failed to document deed of trust used to title 2/4/98 trust accounts titled to trust using Robert E. Taglialatela Sr.'s tax identification number. All attempts at discovery have to date been blocked by "defendants". B of A is a TARP bank and is required to maintain these records from the date they were made award of the conspiracy to defraud in 2010. Plaintiff will prove at trial the existence of these accounts which the defendants have conspired to willfully blocked discovery of, billing the "Taglialatela estate/trusts" over $150,000 to prevent discovery of any record of the accounts.   B of A made aware in 2010 of the rouge actions of its employee "Galvin". In 2009 defendant "Zitomer" for monetary gain and Phyllis T. Galvin, aka Phyllis Galvin-Moore, aka Phyllis Moore, hereafter referred to as "Galvin" began their conspiracy to defraud filing litigation seeking full legal custody by "Galvin" of the deceased Robert E. Taglialatela, Sr. in a highly aggressive, disruptive and vicious assault of the children of Taglialatela Sr.. Both "Zitomer" and "Galvin" failed to disclose the existence of assets held by the trust dated 2/4/98 . "Galvin" failed is her effort to secure custody in 2010 and the Court awarded guardianship to Thomas Posatko hereafter referred to as "Posatko", DBA Supportive Care Services, Inc.. After defendant Galvin filed her petition in 2009 the Court appointed Diane Zabowski, Esq., hereafter referred to as "Zabowski" to represent the "Taglialatela estate" in the proceedings. Additionally  " Galvin" had without the knowledge of the deceased the children of the deceased created two (2) Delaware Trusts titling financial accounts to these trusts by means of an alleged legal power of attorney in conspiracy to defraud with "B of A".

21. Plaintiff and Taglialatela's children made all parties aware of the existence of the trust held accounts held by " B of A" accounts in 2009 but were ignored all parties conspiring and refusing to disclose any information. The accounts were not disclosed to the court during the guardianship or estate probate proceedings. " B of A" was made aware of the misconduct of their employee in 2010 and to date has refused to disclose the records to the plaintiff after multiple requests for the information. THE CONSPIRACY TO DEFRUAD IS ONGOING.

22. Taglialatela Sr. was declared incapacitated on 10 May 2010 and died 9 weeks later. "Galvin" willfully having now willfully changed attorney's in collusion with defendant "Lauchmen" misrepresented herself as executrix of the "Taglialatela estate". A formal caveat having been filed with the Court defendant Greenberg was appointed executrix of the "Taglialatela estate/trusts". "Greenberg" refused to defend the "Taglialatela estate/trusts" even though she was aware the deceased tax identification had been used to open financial accounts and conduct "trust" business. "Lauchmen" representing "Galvin" and in conspiracy with, colluded to defraud estate being aware of these trust accounts and willfully misrepresented "Galvin" as executrix . On 19 July 2010 defendant Galvin communicated over a B of A server with the funeral director supervising the pre-planned funeral of the deceased Taglialatela, Sr.. On that same day at 10:37 pm defendant "Zitomer" filed a $14,000 legal service bill in contemplation of Taglialatela Sr.'s death. Electronically sending the invoice to the family 6 hours before their father's death on 20 July 2010. In the fax communication, prior to the death of Taglialatela Sr., defendant "Galvin", based on the legal counsel of defendant " Lauchman", misrepresented herself as "executrix" of the estate and demanded seven (7) death certificates be issued directly to her and that she would be in charge of all final arrangements. "Galvin", causing untold pain and anguish to the family of the deceased, than attempted to change the deceased final arrangements as stated in a service agreement with the funeral director.

23. The funeral director issued her the 7 death certificates but refuses to alter what he knew to be the final direction of the deceased.  The family are devout Roman Catholic's and "Galvin" attempted to deny the deceased his Mass of Christian Burial, the Last Rights of the Roman Church. To date all request to all defendants" in this matter as to the disposition of these Health Records/Death Certificates have been ignored and to the best of the Plaintiff's knowledge they all 7 remain outstanding. THIS CONSPIRACY TO DEFRUAD IS ONGOING.

24. In the fall of 2010 the plaintiff, due to the willful actions of the "defendants" was forced at his own expense, "Greenberg" having refused to defend the trust assets, to seek to legally remove "Galvin" as the trustee of the 2/4/98 and 2/14/98 trusts in Chancery Court in the State of Delaware the situs of the trusts. "Galvin" was removed as trustee and at trial new evidence was discovered as to trust financial accounts and the death certificates. That matter is still open in Chancery Court and that CONSPIRACY TO DEFRAUD IS ONGOING with the "Taglialatela estate/trusts" bearing the entire expense of defendants "Boulden", "Galvin" , "O'Day", "Lynch", "Woloshin" and "Kaouris" collusion and for monetary gain attempt to block discovery and now the successor trustee of the 2/14/98 trustee Daniel Crossland, Esq..

### COUNT ONE

25. Defendants willfully, maliciously and in a vindictive manner for monetary gain, in a unified conspiracy against the "Taglialatela estate/trusts", orchestrated primarily by "Galvin" to block discovery of their actions, colluded to defraud the Estate of Robert and Beatrice Taglialatela and the Irrevocable Trusts of Robert E. Taglialatela (DOT 2/4/98-2/14/98). Defendant Galvin to prevent discovery of her actions as trustee spent over $150,000 of trust and estate assets in collusion with all other defendants and misrepresented herself as "executrix" of Taglialatela's estate. Plaintiff requests all estate and trust assets be returned by the defendants. To date the balance of the assets squandered by their willful actions exceeds $500,000.00 US. Financial accounts opened by Galvin with her former employer B of A have yet to be disclosed by any party. The tax identification number of the "Taglialatela Sr." was used to open these accounts and all attempts at discovery have been blocked by the defendants using estate and trust money. THE FRAUD IS ONGOING. Plaintiff requests compensatory damages of $500,000 plus three times damages for pain and anguish. Additionally, plaintiff requests legal fees to be determined by the Court.

### COUNT TWO

26. Bank of America, in violation of United States, Pennsylvania, Maryland and Delaware securities law failed to supervise its employee Galvin who opened financial accounts titled to the Irrevocable Trust of Robert E. Taglialatela DOT 2/4/98. On 21 December 2010 B of A was made aware of the rouge actions of its employee Galvin and assigned an internal specialist Lelia Burton. To date B of A has refused all requests to provide the trust document used to title the accounts and the applications to open the accounts. Plaintiff will prove at trial the existence of these accounts and the fact that defendant Galvin altered and or destroyed evidence of their existence. B of A routinely for a period of years failed in its responsibility to monitor, control and supervise its employee which it had assigned to its trust department to the detriment of the estate of Taglialatela in the amount of over $150,000 in monies spend to block discovery. Defendant Greenberg simply ignored all requests to document these accounts even after she was made aware Taglialatela's tax identification number was used to open them. B of A recklessly continued to permit Galvin to use its corporate server for personal and trust related business even after they were made aware of their employee Galvin's behavior. Plaintiff will in discovery request all electronic and fax communication made by Galvin relative to the estate and trusts of Taglialatela beginning from its acquisition of MBNA to Galvin termination. B of A also permitted Galvin to co-mingle trust funds with her personal funds. Plaintiff will prove at trial co-mingling of funds occurred. Since defendant has refused to document the amount of assets it held for Taglialatela Pliantiff requests $100,000 in compensatory damages plus three times damages for pain and suffering. THE FRAUD IS ONGOING.

## COUNT THREE

27. Debra Zitomer for monetary gain did willfully and with full knowledge and intent fail to disclose assets held by the "Taglialatela estate/trusts" to the Orphans Court during capacity hearing of "Taglialatela estate/trusts". Defendant billed the "Taglialatela estate/trusts" over $14,000 for representing the estate and was made aware of B of A financial accounts by the children of Taglialatela, Sr.. Plaintiff requests the sum of $14,000 be awarded in compensatory damages plus three times damages for pain and suffering.

## COUNT FOUR

28. R. Douglas Billet in collusion with" Galvin" and "Greenberg" conducted a malicious civil prosecution of the plaintiff for monetary gain. Billing the " Taglialatela estate/trusts" over $45,000 for legal services in an attempt to secure an alleged loan balance from the plaintiff of $67,000. All attempts by plaintiff to resolve all open issues were rejected by "Billet" who simply continued to bill the " Taglialatela estate/trusts", which his partner "Greenberg" was executrix of in a clear conflict of interest. Plaintiff request the sum of $45,000 be awarded to the plaintiff plus three times for punitive damages for emotional stress and anguish suffered by the plaintiff, plus Billet's share of plaintiff's legal expenses.

## COUNT FOUR

29. Stacy L. Greenberg, Esq. Executrix of the " Taglialatela estate/trust" has to date refused to document the disposition of 7 (seven) Pennsylvania Department of Public Heath Death Certificates released to "Galvin", by the Simcox-McIlvain Funeral Home, on the advice and counsel of "Lauchmen". All requests by plaintiff and the children of Taglialatela to document these records have been ignored in a willful and condescending manner by" Greenberg". "Greenberg" for monetary gain willfully colluded with the defendants to defraud the " Taglialatela estate/trusts"  routinely issuing instructions to "Galvin" and "Kaouris" directing trust business. "Galvin" and "Kaouris" routinely followed "Greenberg's" instructions billing the "Taglialatela estate/trusts" for the time and expense. Greenberg has billed the "Taglialatela estate/trusts" over $65,000. Plaintiff request the sum of $65,000 be awarded plus three times for punitive damages, plus Greenberg's share of plaintiff's legal expenses.    THE FRUAD IS ONGOING.

## COUNT FIVE

30. Phyllis T. Galvin – Trustee defendant, squandered $150,000 of "Taglialatela estate/trust" assets spent to block discovery and has maliciously corrupted the legal process. Defendant has been removed as trustee of trusts of Taglialatela by Chancery Court of the State of Delaware. In collusion with defendants has willfully prosecuted the plaintiff and children of Taglialatela in Delaware Family Court using "Taglialatela" trust/estate" money to wage her prosecution. "O'Day" has been ordered by the Chancery Court to return over $23,000 of trust monies not including interest. Defendant willfully and with the knowledge of "B of A" and the other "defendnats" titled securities accounts, to the 2/4/98 trust of "Taglialatela estate/trusts" using Taglialatela's tax identification number and co-mingled trust and personal funds. Defendants have refused to document asset values, supply the deed of trust used to title the accounts and/or provide any information about these accounts. The "defendants" used trust money as their own billing the 2/14/98 trust of Taglialatela over $150,000 for the nefarious actions.

### COUNT SIX

31. Phyllis Galvin-Moore aka Phyllis Moore, on the advice and counsel of " Lauchmen", misrepresented herself via "B of A" server in a fax communication to the Simcox-McIlvaine funeral home on 19 July 2010 the day proceeding Taglialtela's death, as "executrix" " Taglialatela estate/trusts" in an attempt to block discovery of her actions. Through " Lauchmen" continued to misrepresent herself as excutrix " Taglialatela estate/trusts". Gave false testimony in collusion with "O'Day", "Woloshin" and "Posatko" in Delaware Family Court alleging an incident of domestic violence occurred in the Courtroom of Judge Stanley Ott during the guardianship proceeding using "Taglialatela estate/trusts" money to prosecute her false and malicious allegations. "Galvin" personally colluded with the "defendants" to defraud and co-mingled funds with the financial accounts of the "Taglialatela estate/trusts". Plaintiff requests punitive damages for pain and anguish caused by "Galvin" of $100,000 or to be determined by the Court. THE FRAUD IS ONGOING.

### COUNT SEVEN

32. Carol Lauchmen and "Boulden"as counsel for "Galvin" did misrepresent "Galvin" as executrix of the "Taglialatela estate/trusts", did willfully advise "Galvin" to continue her fraud even after "Lauchmen" and "Boulden" had been advised a formal caveat had been filed blocking "Galvin" from proceeding and failed to advise "Greenberg" or the Court of the existence of financial accounts titled to the "Taglialatela estate/trusts". "Lauchmen" and "Boulden"than billed the "Taglialatela estate/trusts" over $24,000 for their services. Plaintiff requests $24,000 of compensatory damages be awarded plus three times punitive damages for pain and suffering caused by "Lauchmen" and "Boulden" .

### COUNT EIGHT

33. William O'Day for monetary gain did maliciously prosecute the children of Taglialatela in collusion with "Galvin" and "Woloshin", provided false evidence and accepted "Taglialatela estate/trusts money" in payment for legal services. "O'Day" has been ordered by the Delaware Chancery Court to return over $23,000 of "Taglialatela estate/trusts" money. To date "O'Day" has ignored a Chancery Court order and not returned this money. Plaintiff requests punitive damages of $23,000 be awarded plus three times compensatory damages be awarded for pain and suffering caused by "O'Day". THE FRAUD IS ONGOING.

### COUNT NINE

34. Edmund Lynch in collusion with "Galvin" and "Woloshin" did create a badge of fraud conspiring to remove assets from the ownership of "Galvin" on the advice of "Woloshin" in order to protect the assets of "Galvin" from future litigation using "Taglialatela estate/trusts" money. Plaintiff will be prove at trail direct communication between "Woloshin", "Galvin" and "Lynch" that these defendants did knowingly retitled a $2,000,000 vacation home owned by "Galvin" in an overt and willful attempt to protect this asset from liability of the willful actions of "Galvin". Plaintiff requests punitive damages of $6,000 be awarded plus three times compensatory damages be awarded for pain and suffering caused by "Lynch". THIS FRAUD IS ONGOING.

### COUNT TEN

35. Natalie Woloshin using "Taglialatela estate/trusts" money communicated directly with "B of A" blocking discovery of "B of A" financial accounts and did with the other "defendants" collude to defraud the "Taglialatela estate/trusts". Plaintiff will prove at trial "Woloshin" via written correspondence, did demand "B of A" not release account information for accounts that "Galvin" had not disclosed to any Court and had testified under oath she had never opened with "B of A". "Woloshin" billed and was paid over $45,000 of "Taglialatela estate/trusts "money in a willful attempt to block discovery in the Chancery Court matter removing "Galvin". Plaintiff requests punitive damages of $45,000 be awarded plus three times be awarded for pain and suffering.   THIS FRAUD IS ONGOING.

### COUNT ELEVEN

36. Diane Zabowski acting as legal counsel for the "Taglialatela estate/trusts" failed to protect assets and ignored all requests to document financial accounts she was made aware by plaintiff and children of Taglialatela colluding to defraud with the other "defendants". "Zabowski" billed the "Taglialatela estate/trusts" over $14,000 while failing to defend the assets. Plaintiff requests punitive damages be awarded of $14,000 plus three times for pain and suffering caused by "Zabowski".

### COUNT TWELVE

37. Thomas Posatko as legal guardian for the "Taglialatela estate/trusts" failed to document financial accounts he had been made aware of by the children of Taglialatela colluding to defraud and giving false testimony in Delaware Family Court testifying he witnessed an act of domestic violence in the Courtroom of Judge Stanley Ott during a hearing before Judge Ott in a willful attempt to block discovery. "Posatko" billed the "Taglialatela estate/trusts" over $45,000 and failed to protect the assets he was legally responsible for willfully colluding with the "defendants" to block discovery for monetary gain. Plaintiff requests punitive damages of $45,000 plus three times for pain and suffering caused by "Posatko".

### COUNT THIRTEEN

38. Demetrious Kaouris for monetary gain did collude with the "defendants" to block discovery of financial accounts which he had been made aware of by the children of Taglialatela, filed a false trust tax return with the State of Maryland and the IRS, knowingly and for monetary gain using "Taglialatela estate/trust" money did, in collusion with "Galvin" willfully prosecute the children of Taglialatela. Plaintiff will prove at trial "Kaouris" and "Galvin", while acting as trustee, did routinely take and follow direction of "Greenberg" colluding to defraud the "Taglialatela estate/trusts". "Kaouris" billed the "Taglialatela estate/trusts" over $45,000. Plaintiff requests punitive damages of $45,000 plus three times for pain and suffering.

Respectively submitted,

*Robert E. Tagliatela, Jr.*
Robert E. Tagliatela, Jr.

Pro Se Plaintiff

22 March 2016

All Parties have been served via United States Marshall Service

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ROBERT E. TAGLIALATELA, JR.

_(In the space above enter the full name(s) of the plaintiff(s).)_

**16   1319**

- against -

BANK OF AMERICA, N.A.
ET AL

LIST OF DEFENDANTS
ATTACHED MADE
PART OF THIS
FILING

**COMPLAINT**

Jury Trial: ☒ Yes   ☐ No

(check one)

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)_

**I.   Parties in this complaint:**

A.   List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

| | | |
|---|---|---|
| Plaintiff | Name | ROBERT E. TAGLIALATELA, JR. |
| | Street Address | 3011 ALMOND ST. |
| | County, City | PHILADELPHIA |
| | State & Zip Code | PA 19134 |
| | Telephone Number | 215-291-0859 |

_Rev. 10/2009_

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name **BANK OF AMERICA, NA**
Street Address **100 NORTH TRYON STREET**
County, City **CHARLOTTE,**
State & Zip Code **NC 28263**
**ATT: LEGAL DEPARTMENT**

Defendant No. 2
Name _____
Street Address **LIST OF DEFENDANTS**
County, City **ATTACHED**
State & Zip Code _____

Defendant No. 3
Name _____
Street Address _____
County, City _____
State & Zip Code _____

Defendant No. 4
Name _____
Street Address _____
County, City _____
State & Zip Code _____

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*
   (Q) Federal Questions        Q Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? **VIOLATION(S): SECURITIES ACT 1933 DODD-FRANK WALL STREET REFORM + CONSUMER PROTECTION ACT 2010 MAIL/WIRE FRAUD INVOLVING A FINANCIAL INSTITUTION 18: U.S.C. - 3293**

Rev. 10/2009
-2-

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship __N/A__

Defendant(s) state(s) of citizenship _____

### III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? __PHILADELPHIA, PA, WILMINGTON, DE., EASTON, MD,__

B. What date and approximate time did the events giving rise to your claim(s) occur? __2006 — CURRENT (2016)__

**What happened to you?**
C. Facts: __SECURITIES, MAIL, WIRE FRAUD COLLUSION TO DEFRAUD DETAILED COMPLAINT ATTACHED AS PART OF THIS FILING__

**Who did what?** __ATTACHED__

**Was anyone else involved?** __LIST OF DEFENDANTS ATTACHED__

**Who else saw what happened?** __CHILDREN / SIBLINGS OF ROBERT E. TAGLIAMATELA, SR. + JR.__

### IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

- MENTAL ANGUISH AND STRESS TREATMENT ONGOING

### V. Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

$500,000.00 ACTUAL COMPENSATORY DAMAGE PLUS FIVE (5) TIMES PUNITATIVE OR WHAT RELIEF A JURY DECIDES.

$3,000,000.00 U.S. OR WHAT A JURY DECIDES.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 22 day of MARCH, 2016

Signature of Plaintiff Robert E. Tagliolatch, Jr.
Mailing Address 3011 ALMOND ST
PHILA, PA 19134

Telephone Number 215-291-0859
Fax Number *(if you have one)* _____
E-mail Address BOBTAG@VERIZON.NET

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____
Inmate Number _____